J. T. WILCOX, ET AL. *v.* R. E. PARKER.

[Abstract Kentucky Law Reporter, Vol. 6—450.]

**Homestead Right.**

> Where a homestead right is adjudged and set apart as such, a creditor can not be held to be injured by the sale of such homestead by one having a right to sell it.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 27, 1884.

OPINION BY JUDGE PRYOR:

In this case it had been adjudged by the court below and that judgment affirmed by an appeal to this court that the appellee was entitled to the $1,000 set apart as a homestead, and this terminating the litigation, supplemental pleading in the same proceeding was proper in order to subject it by reason of the death of his wife, which fact as is now contended deprived the appellee of his homestead. The court below properly refused to permit the pleading to be filed. Nor do we adjudge under the facts of this case that the money could be reached after final judgment giving a homestead to the appellee, by an original proceeding between the parties. Even if there was

fraud in the sale, did not the homestead right pass to the vendee, and is the creditor injured by a sale of that which the party had the right to sell?

Judgment *affirmed.*

*Harrison & McGrain, for appellants.*

*C. B. Seymour, for appellee.*

